**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**DAVID L. NICKELSON,**

    **Petitioner,**

v.                                          Case No. 3:18cv2196-LC/CAS

**SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,**

    **Respondent.**

_____/

## REPORT AND RECOMMENDATION

On October 26, 2018, Petitioner David L. Nickelson, a state inmate proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF No. 1.  On July 17, 2019, Respondent filed a motion to dismiss the petition as untimely, with exhibits.  ECF No. 14.  Petitioner has filed "Objections to Respondent's Motion to Dismiss," considered as a reply.  ECF No. 16.

The matter was referred to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B).  After careful consideration, the undersigned has determined no evidentiary hearing is required for the disposition of this matter.  See Rule 8(a), R. Gov. § 2254 Cases.  The pleadings and attachments before the Court show the petition is untimely

and should be dismissed.  *See* Rule 4, R. Gov. § 2254 Cases (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural Background

Petitioner David L. Nickelson indicates he challenges his conviction entered April 4, 2014, by the First Judicial Circuit, Escambia County, Florida, following a jury trial in case number 2013-CF-4646.  ECF No. 1 at 1-2.  The jury found Nickelson guilty of arson and aggravated battery with great bodily harm, as charged, in connection with events that occurred on or about September 6, 2013.  *See* Ex. 2 at 4 (Amended Information), 37 (Verdict).[1]  On May 20, 2014, the trial court adjudicated him guilty and sentenced him to fifteen (15) years in prison, followed by ten (10) years of probation on the arson count, with a consecutive sentences of five (5) years in prison on the other count.  *Id.* at 81-89.

Nickelson appealed his judgment and sentence to the First District Court of Appeal (First DCA), assigned case number 1D14-2581.  *See* Ex. 4 (Initial Brief), 5 (Answer Brief).  On October 9, 2014, the First DCA per

---

[1] Hereinafter, all citations to the state court record, "Ex. –," refer to exhibits submitted with Respondent's motion to dismiss, ECF No. 14.

curiam affirmed the appeal without a written opinion.  Ex. 6; Nickelson v. State, 149 So. 3d 6 (Fla. 1st DCA 2014) (table).

On December 11, 2015, Nickelson filed a motion for postconviction relief in the state trial court, pursuant to Florida Rule of Criminal Procedure 3.850.  Ex. 17 at 7-12.  By order rendered March 8, 2016, the state court struck the motion as facially and/or legally insufficient, and the court granted Nickelson sixty (60) days leave to file an amended motion.  Id. at 14-17.  Nickelson filed a motion requesting an extension of sixty (60) days to file the amended motion.  Id. at 18-19.  By order rendered May 25, 2016, the state court denied Nickelson's motion for extension of time.  Id. at 20-21.

On or about June 21, 2016, Nickelson filed another Rule 3.850 motion.  Ex. 17 at 26-32.  In an order rendered June 30, 2016, the state court summarily denied the motion for postconviction relief, finding the motion untimely and, even if considered as timely, facially insufficient as it did not satisfy the oath requirement.  Ex. 17 at 33-35.  The court further found "[t]he one claim that could possibly be considered facially sufficient, that his counsel was ineffective for proceeding to trial without Defendant's consent, is refuted by the record." Id. at 34.

Nickelson filed a petition in the First DCA, assigned case number 1D17-0213, seeking a belated appeal from the denial of postconviction relief.  *See* Ex. 14 at 55.  In an opinion filed June 9, 2017, the First DCA granted the petition.  *Id.*; Nickelson v. State, 227 So. 3d 572 (Fla. 1st DCA 2017).  On May 9, 2018, the First DCA per curiam affirmed the belated appeal without a written opinion in case number 1D17-3024.  Ex. 18; Nickelson v. State, 246 So. 3d 274 (Fla. 1st DCA 2018) (table).  The mandate issued June 6, 2018.  Ex. 19.

As indicated above, on October 26, 2018, Nickelson filed this § 2254 petition.  ECF No. 1.  On July 17, 2019, Respondent filed a motion to dismiss the petition as untimely, with exhibits.  ECF No. 14.  Petitioner has filed a reply.  ECF No. 16.

## Analysis

Under the AEDPA, there is a one-year limitations period for filing a § 2254 petition.  28 U.S.C. § 2244(d)(1).  The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," though there are later commencement dates.  *Id.* § 2244(d)(1)(A).  The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court.  *Id.* § 2244(d)(2).  The time may be equitably tolled,

but "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

In this case, as Respondent explains, the state trial court entered Nickelson's judgment of conviction and sentence on May 20, 2014. Ex. 2 at 81-89. Nickelson filed a direct appeal and, on October 9, 2014, the First DCA affirmed his case per curiam without a written opinion in case number 1D14-2581. Ex. 6; Nickelson v. State, 149 So. 3d 6 (Fla. 1st DCA 2014) (table). Pursuant to U.S. Supreme Court Rule 13.3, Nickelson then had ninety (90) days to seek certiorari review in the U.S. Supreme Court, which he did not do. Accordingly, his conviction and sentence became final for federal habeas purposes on January 7, 2015. *See* 28 U.S.C. § 2244(d)(1)(A); *see also, e.g.*, Nix v. Sec'y for Dep't of Corr., 393 F.3d 1235, 1236-37 (11th Cir. 2004); Kaufman v. United States, 282 F.3d 1336, 1338 (11th Cir. 2002). He thus had one year thereafter, or until January 7, 2016, to file his federal habeas petition, absent tolling activity. *See, e.g.*, Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 n.1 (11th Cir. 2007) (applying anniversary date analysis).

Nickelson filed a Rule 3.800(a) motion in state court on December 11, 2015, which stopped the one-year AEDPA clock at 338 days. See Ex. 17 at 7-12. Assuming all the time between December 11, 2015, and June 6, 2018, when the First DCA issued the mandate in the belated appeal from the denial of postconviction relief, is tolled, then the AEDPA clock restarted June 6, 2018, and expired 27 days later, on July 3, 2018. Ex. 19; *see, e.g.*, Tinker v. Moore, 255 F.3d 1331, 1335 n.4 (11th Cir. 2001), *cert. denied*, 534 U.S. 1144 (2002) ("We remind petitioners that a properly and timely filed petition in state court only tolls the time remaining within the federal limitation period."). As a result, Nickelson's § 2254 petition filed October 26, 2018, is untimely under § 2244(d)(1)(A).

In his reply, Nickelson asserts, "Respondent failed to inform the Court of Petitioner's filing activity in the State Court that was not included in the calculations." ECF No. 16 at 2. Specifically, Nickelson states that, on August 7, 2018, he filed a Rule 3.800(a) motion in the state trial court, which the court denied on September 4, 2018, and "[t]his filing stopped any tolling." *Id*. He does not attach copies of his motion or the trial court order. Regardless, as reflected by the analysis above, Nickelson's AEDPA time had already expired (on July 3, 2018) by the time he indicates he filed his Rule 3.800 motion (on August 7, 2018). To the extent Nickelson makes an

argument that equitable tolling applies or that he exercised due diligence, such should be rejected.

## Concluson

Based on the foregoing, it is respectfully **RECOMMENDED** that Respondent's motion to dismiss, ECF No. 14, be **GRANTED** and Petitioner's § 2254 petition, ECF No. 1, be **DISMISSED** as untimely.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner fails to make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining substantial showing) (citation omitted). Therefore, the Court should deny a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether

a certificate should issue." The parties shall make any argument as to whether a certificate should issue by filing objections to this Report and Recommendation.

Leave to appeal in forma pauperis should also be denied. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, the court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

## Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (ECF No. 14) be **GRANTED** and the § 2254 petition (ECF No. 1) be **DISMISSED as untimely**. It is further **RECOMMENDED** that a certificate of appealability be **DENIED** and that leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on September 19, 2019.

S/ Charles A. Stampelos
CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE

# **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a Report and Recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.